## GUTHRIE, Etc, et
## v APSELOFF BROTHERS, Inc, Etc

Ohio Appeals, 1st Dist, Hamilton Co

No 4395.  Decided Jan 22, 1934

Wm. A. Rinckhoff, Cincinnati for plaintiffs in error.

Grischy & Grischy, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The main contention of the plaintiff in error is, that on the weight of the evidence the Apseloff Brothers held the note only as collateral security for the payment of the rent.  The note was endorsed in blank, with no notation of the purpose for which it was endorsed to Apseloff Brothers.  On the face of the note, the Apseloffs were therefore the owners in due course and entitled to the payment in full of the balance due on the note.

Evidence was offered by Guthrie tending to show the defense as above recounted.  The testimony was practically limited to that given by Apseloff, that the note was given in settlement, and a denial by Guthrie.  There was some inferential evidence given by Rinckhoff tending to show that the note was held as collateral security.  Apseloff was further supported by the testimony of the superintendent of the building, who was present when the note was given, and testified that it was given for the damage and rent.

If you consider the oral evidence given as counter-balanced, there still remains the note unqualified, on its face taken in due course and for value.

Under these circumstances, the trial court was justified in rendering the judgment

162

that it did. Certainly it was not manifestly against the weight of the evidence.

Some complaint is made against the ruling of the trial court on the admission of certain evidence. We have examined the matter complained of, and do not find any prejudice resulted.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is affirmed.

CUSHING and ROSS, JJ. concur.